STATE OF CONNECTICUT *v.* MICHAEL W. ERVIN
(AC 28451)

Bishop, Gruendel and Cretella, Js.

---

Argued September 11—officially released December 18, 2007

*Norman A. Pattis*, special public defender, for the appellant (defendant).

*Paul J. Narducci* and *Peter A. McShane*, senior assistant state's attorneys, with whom, on the brief, was *Michael L. Regan*, state's attorney, for the appellee (state).

*Opinion*

CRETELLA, J. The defendant, Michael W. Ervin, appeals from the judgment of conviction, rendered after a jury trial, of the crime of murder in violation of General Statutes § 53a-54a. On appeal, the defendant raises two

issues.[1] The defendant claims that the trial court (1) improperly permitted evidence of a videotaped demonstration of a choke hold without proper foundation for such admission and (2) committed plain error by admitting excessive evidence of an extramarital affair. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts. On March 14, 2002, at approximately 10 p.m., Norwich police and emergency personnel, who had been dispatched to 33 Trading Cove Road, discovered the unresponsive body of the victim, Renea Ervin, wife of the defendant, on the kitchen floor. Measures to revive the victim were unsuccessful. The victim had no visible signs of injury, no cuts or abrasions and no pulse. The defendant was kneeling on the floor next to the victim, and he had no external injuries on him. Police found no signs of a forced entry or struggle. A paramedic had difficulty opening the victim's airway because there was a substantial amount of vomit as well as particles of food in her mouth. Eventually, the victim was transported to a hospital where she was pronounced dead at approximately 11 p.m.

The medical examiner determined the cause of death to be traumatic asphyxia due to neck compression. During the trial, the medical examiner viewed a demonstration videotape showing a certain type of wrestling hold once used by the defendant and testified that the cause of death was consistent with such a hold. The defendant stated to the police that the victim had been fine when he left her earlier in the evening. He returned to the home with his occasional fishing companion, Michael Hancin, and found the victim on the floor where

---

[1] The defendant additionally had alleged as error the trial court's failure to recuse itself because the judge presiding over the probable cause hearing also had signed the arrest warrant. At oral argument, defense counsel advised this court that he was abandoning that claim in light of the decision in *State v. Canales*, 281 Conn. 572, 592–600, 916 A.2d 767 (2007).

he attempted to revive her. After a trial by jury, the defendant was convicted of murder. This appeal followed.

## I

The defendant first claims that the court abused its discretion by allowing the jury to view the videotaped demonstration of a choke hold. The defendant had moved in limine to preclude admission of the videotape, which motion the court denied. The defendant argues that the disputed evidence amounted to an identification of him on the ground that it was prior uncharged misconduct and that, even if it was relevant, its prejudicial impact outweighed its probative value. The state argued that the evidence was relevant and was offered for the sole purpose of showing that the defendant had the knowledge and the capacity to perform such a hold.

We review the defendant's claim employing an abuse of discretion standard. "Under the abuse of discretion standard of review, [w]e will make every reasonable presumption in favor of upholding the trial court's ruling, and only upset it for a manifest abuse of discretion. . . . [Thus, our] review of such rulings is limited to the questions of whether the trial court correctly applied the law and reasonably could have reached the conclusion that it did." (Internal quotation marks omitted.) *Landry* v. *Spitz*, 102 Conn. App. 34, 59, 925 A.2d 334 (2007).

"[E]vidence is relevant if it has a tendency to establish the existence of a material fact. . . . Relevant evidence is evidence that has a logical tendency to aid the trier [of fact] in the determination of an issue. . . . One fact is relevant to another if in the common course of events the existence of one, alone or with other facts, renders the existence of the other either more certain or more probable. . . . Evidence is not rendered inadmissible because it is not conclusive. All that is required is that

the evidence tend to support a relevant fact even to a slight degree, so long as it is not prejudicial or merely cumulative. . . . No precise and universal test of relevancy is furnished by the law, and the question must be determined in each case according to the teachings of reason . . . ." (Internal quotation marks omitted.) *State* v. *Cummings*, 91 Conn. App. 735, 743–44, 883 A.2d 803, cert. denied, 276 Conn. 923, 888 A.2d 90 (2005). "Although relevant, evidence may be excluded by the trial court if the court determines that the prejudicial effect of the evidence outweighs its probative value. . . . Of course, [a]ll adverse evidence is damaging to one's case, but it is inadmissible only if it creates undue prejudice so that it threatens an injustice were it to be admitted. . . . The test for determining whether evidence is unduly prejudicial is not whether it is damaging to the defendant but whether it will improperly arouse the emotions of the jury. . . . The trial court . . . must determine whether the adverse impact of the challenged evidence outweighs its probative value." (Internal quotation marks omitted.) *State* v. *Smith*, 275 Conn. 205, 218, 881 A.2d 160 (2005).

"[T]he trial court's discretionary determination that the probative value of evidence is not outweighed by its prejudicial effect will not be disturbed on appeal unless a clear abuse of discretion is shown." (Internal quotation marks omitted.) *State* v. *Cummings*, supra, 91 Conn. App. 744. "[B]ecause of the difficulties inherent in this balancing process [however] . . . every reasonable presumption should be given in favor of the trial court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *Smith*, supra, 275 Conn. 218–19.

As applied to the admissibility of a videotape, our Supreme Court "consistently has held that the trial

court's determination on the admissibility of photographic evidence, including videotapes, will not be disturbed unless the trial court has abused its discretion. . . . [P]hotographic evidence is admissible where the photograph has a reasonable tendency to prove or disprove a material fact in issue or shed some light upon some material inquiry. . . . Therefore, it is not necessary to show that the photographic evidence is essential to the case in order for it to be admissible. . . . In determining whether photographic evidence is admissible, the appropriate test is relevance, not necessity. . . .

"In addition . . . even potentially inflammatory photographic evidence may be admitted if, in its discretion, the trial court determines that the probative value of the evidence outweighs its prejudicial effect." (Citations omitted; internal quotation marks omitted.) *State* v. *Kelly*, 256 Conn. 23, 64–65, 770 A.2d 908 (2001).

The following additional facts are relevant to this issue. Following the discovery of the victim's body, Hancin telephoned the police and provided details that tied in with the conclusion of the medical examiner that the victim had died "as a result of the restriction of blood to her head resulting from some other person squeezing on her neck." Hancin advised the police that at a rowdy party he had observed the defendant using a choke hold. The police thereafter prepared a video in which Hancin is seen demonstrating the choke hold.

The defendant objected to the admission of this videotape on the grounds that it constituted evidence of prior misconduct and that, even if relevant, its prejudicial impact outweighed its evidentiary value. We are unpersuaded by the defendant's claim that the videotape depiction constituted evidence of uncharged misconduct. Although there was evidence that Hancin had witnessed the defendant performing the hold, there was

no evidence that the defendant had ever used it for a criminal or wrongful purpose. Accordingly, it was not evidence of prior uncharged misconduct.

That the evidence was relevant can hardly be disputed. The medical examiner determined, in essence, that the victim had died of asphyxiation. The challenged videotape, in concert with Hancin's testimony, demonstrated that the defendant knew a choke hold that the medical examiner testified was consistent with the manner of the victim's death. Although the videotape evidence was likely damaging to the defense, the defendant failed to show that it improperly aroused the emotions of the jury or was unduly prejudicial so as to deprive him of a fair trial. We conclude that the court did not abuse its discretion in the admission of the videotape demonstration.

## II

The defendant next claims that the court improperly admitted excessive evidence of his ongoing extramarital affair. The defendant concedes that he did not preserve this issue for appeal. The defendant further acknowledges that evidence of the extramarital affair might have been probative to the question of motive, which, in turn, related to the issue of intent. Nevertheless, the defendant claims that the volume of evidence regarding the extramarital affair unreasonably tainted the trial and, therefore, seeks review on the basis of plain error. See Practice Book § 60-5.

"It is . . . well established that plain error review is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . A defendant cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would

result in manifest injustice." (Internal quotation marks omitted.) *State* v. *Madore*, 96 Conn. App. 271, 280–81, 900 A.2d 64, cert. denied, 280 Conn. 907, 907 A.2d 93 (2006). Because the defendant has not shown that this is one of the "truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings"; (internal quotation marks omitted) *State* v. *Fagan*, 280 Conn. 69, 87, 905 A.2d 1101 (2006), cert. denied, 549 U.S. 1269, 127 S. Ct. 1491, 167 L. Ed. 2d 236 (2007); nor has he demonstrated that he suffered manifest injustice as a result of the admission of the voluminous evidence related to the extramarital affair, the doctrine of plain error is not warranted in this case.

The judgment is affirmed.

In this opinion the other judges concurred.